IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
JAN 30 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA ) CRIMINAL NO. 3:19cr008

v.

RAYMOND BORGMAN,

*Defendant.*

**STATEMENT OF FACTS**

The parties stipulate that allegations contained in the criminal information and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt:

1. Beginning on or about January 2017, and continuing throughout September of 2017, in the Eastern District of Virginia and within the jurisdiction of the Court, the defendant, RAYMOND BORGMAN, did knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by creating a Certificate of Release or Discharge from Active Duty (DD Form 214) that falsely represented that RAYMOND BORGMAN had served in and been honorably discharged from the United States Marine Corps, and submitting that same fraudulent DD Form 214 to the Department of Veterans Affairs in Fredericksburg, within the Eastern District of Virginia.

2. In fact, BORGMAN knew and believed that he had never served in any branch of the United States Armed Forces.

3. BORGMAN's express purpose in creating and submitting this fraudulent DD Form 214 to the Department of Veterans Affairs ("VA") was to register for and receive no-cost veteran's benefits and medical care from the VA.

4. BORGMAN first submitted the fraudulent DD Form 214 to VA medical support personnel at the Community-Based Outpatient Center in Fredericksburg, one of the VA Hunter Holmes McGuire Veterans Administration Medical Center's ("Richmond VA Medical Center") community clinics. Based on BORGMAN's proffer of the fraudulent DD Form 214 and BORGMAN's accompanying representations that he was, in fact, a veteran entitled to VA health care benefits, the VA medical support personnel registered BORGMAN for care within the VA's Medical Care system.

5. BORGMAN thereafter registered for, and attended, at least three separate medical care appointments at VA medical facilities during June of 2017. On each occasion, BORGMAN was provided with care by VA medical personnel.

6. Additionally, on or about July 14, 2017, BORGMAN completed a VA "Application for Disability Compensation and Related Compensation Benefits," and thereafter submitted that application to the VA on or about August 30, 2017. In this application, BORGMAN again falsely represented that he had served in the United States Marine Corps, to include a combat deployment to "Afghan / Iraq." BORGMAN's application claimed a number of disabilities for which he sought VA benefits, to include Post-Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI).

7. On or about September 28, 2017, BORGMAN arrived at the Richmond VA Medical Center for a scheduled medical care appointment. At that time, VA police officers arrested BORGMAN on an active warrant stemming from unrelated state charges. During a

subsequent, post-*Miranda* interview with VA police, BORGMAN initially insisted that he was, in fact, a Marine Corps veteran. After BORGMAN told the interviewer that BORGMAN had brought his DD Form 214 with him in his bag, a VA police officer retrieved BORGMAN's DD Form 214 from BORGMAN's bag. The DD Form 214 found in BORGMAN's bag was a different version of the DD Form 214 that BORGMAN had first provided to VA medical care personnel in January 2017 (although it also falsely represented that BORGMAN had served in and been honorably discharged from the United States Marine Corps).

8. BORGMAN subsequently admitted that both of his proffered DD Form 214s were, in fact, fraudulent, and that his motivation for providing those documents to the VA was to receive medical care from the VA.

9. The actions taken by the defendant as described above were taken willfully and knowingly. The defendant did not take those actions by accident, mistake, or with the belief that they did not violate the law.

10. This Statement of Facts only includes those facts necessary to establish the defendant's guilt as to the offenses to which he is entering a guilty plea. It does not necessarily reference all information known to the government or the defendant about the criminal conduct at issue.

                        Respectfully submitted,

                        G. ZACHARY TERWILLIGER
                        UNITED STATES ATTORNEY

By: _____
       Thomas A. Garnett
       Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Raymond Borgman
Defendant

I am Raymond Borgman's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Carolyn V. Grady, Esquire
Counsel for Defendant